IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE LEE OUDINOT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-112-E ) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 23rd day of August, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[2]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

---

[1]   Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect this change.

[2]   Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]   The Court will begin its analysis with Plaintiff's argument that this case must be remanded because the Administrative Law Judge ("ALJ") and/or Appeals Council exercised illegitimate authority over her DIB application. Plaintiff's argument in this regard is premised on the Supreme Court's relatively recent decision in *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). Based on that decision, many Social Security claimants have argued before the courts that the Act's purported insulation of the Commissioner from removal except for cause is a separation-of-powers violation. *See Andino v. Kijakazi*, No. CV 21-2852, 2022 WL 1135010, at *6 (E.D. Pa. Apr. 18, 2022) (collecting cases). Plaintiff here argues that the Act's violation of the separation-of-powers doctrine rendered the Commissioner's delegation of authority to the ALJ and/or Appeals Council constitutionally defective, and therefore that the ALJ/Appeals Council lacked legitimate authority over her claim. She further asserts that her case was decided pursuant to regulations issued by former Commissioner Andrew Saul though he had no authority to promulgate them.

This Court recently addressed this *Seila Law* issue in *Candusso v. Kijakazi*, No. CV 21-437, 2022 WL 3447306 (W.D. Pa. Aug. 17, 2022). In *Candusso* the Court explained that a claimant who challenges his/her disability determination based on the separation-of-powers violation in the Act must show the nexus "between the harm and unconstitutional provision." *Id.* at *3 (citing *Andino*, 2022 WL 1135010, at *6; *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021)). In this matter, Plaintiff's only alleged injuries are that the hearing, decision, and denial of review by the ALJ and Appeals Council were not "constitutionally valid." (Doc. No. 17, p.13). As the Court explained in *Candusso*, such broad allegations of harm do not demonstrate compensable harm arising from the unconstitutional removal-restriction provision. The issues here are not relevantly distinguishable from those in *Candusso*, and therefore, the Court rejects this argument for remand.

Plaintiff's remaining arguments fare no better. She contends that the ALJ erred by failing to include in the residual functional capacity ("RFC") assessment or in the hypothetical posed to the vocational expert ("VE") limitations stemming from her mental impairments. The Court disagrees. First, Plaintiff does not challenge the ALJ's finding at Step Two of the Social Security Administration's sequential analysis that her mental impairments were non-severe, and the Court agrees with the ALJ's thorough Step Two discussion, in which he found that Plaintiff had no worse than mild limitation in any area of mental functioning. (R. 17-19). Nonetheless, as Plaintiff correctly points out, in assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5.

Therefore, the real issue here is whether the ALJ properly accounted for Plaintiff's non-severe mental impairments in formulating her RFC.  The Court finds that he did, as the ALJ specifically discussed Plaintiff's mental health symptoms in explaining how he crafted the RFC.  For instance, in discussing the opinion evidence, the ALJ considered the opinion of state consulting agent Jan Melcher, Ph.D., who opined that Plaintiff's mental impairments were non-severe, and who identified no specific functional limitations caused by Plaintiff's mild mental health impairments.  (R. 24, 67-68).  The ALJ found this opinion to be persuasive, explaining that it was consistent with the record showing conservative treatment, consisting of medications prescribed by Plaintiff's primary care physician and some counseling, and consistently normal mental status examinations.  (R. 24).  Throughout his RFC analysis, the ALJ discussed Plaintiff's complaints and treatment for her mental health issues, noting Plaintiff's feelings of anxiety and irritability when at home (although not while at the office), her positive response to Wellbutrin for anxiety, and her generally conservative treatment.  (R. 21).  He further discussed that she was found to have normal mood, speech, insight, and judgment, and that she reported stress but was oriented and cooperative.  (R. 21).  The ALJ considered Plaintiff's later complaints of depression and her prescription for Lexapro.  (R.23).

In short, the ALJ thoroughly discussed the entirety of the sparse body of evidence relating to Plaintiff's mental health in explaining the formulation of the RFC.  Plaintiff's citation to *Kich v. Colvin*, 218 F. Supp. 3d 342 (M.D. Pa. 2016) is thus misplaced.  In *Kich*, the court determined that substantial evidence did not support the RFC determination where, *inter alia*, "the ALJ essentially eliminated mental health related limitations without explanation." *Id.* at 357.  Here, to the contrary, the ALJ discussed Plaintiff's mild mental limitations at significant length in explaining the basis for the RFC.  This case, in fact, is much more akin to the decision in *Jennifer B. v. Kijakazi*, No. 1:20-CV-20364, 2022 WL 577960 (D. N.J. Feb. 25, 2022), where the court emphasized that in that case, unlike in *Kich*, the ALJ had adequately explained her consideration of Plaintiff's mild mental limitations when crafting the RFC.  *See id.* at *12 n.8.  *See also Henderson v. Saul*, No. CV 20-02045, 2021 WL 3508495, at *7 (E.D. La. July 13, 2021), *report and recommendation adopted*, No. CV 20-2045, 2021 WL 3362933 (E.D. La. Aug. 3, 2021).

It is important to remember that the issue is not whether Plaintiff had been diagnosed with mental health conditions, but what functional limitations any such conditions caused.  *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006).  The record reflects no such limitations and, in fact, Plaintiff herself does not suggest any specific restrictions, merely arguing that findings that she had mild limitation in the areas of mental functioning at Step Two necessitated the inclusion of some unidentified additional limitations in the RFC.  However, an RFC assessment need only contain those functional limitations that are credibly supported by the record.  *See Garrett v. Comm'r of Soc. Sec.*, 274 Fed. Appx. 159, 163 (3d Cir. 2008).  The ALJ here considered the minimal medical evidence, Plaintiff's conservative treatment, and her activities of daily living.  Accordingly, substantial record evidence supports the ALJ's determination in formulating the RFC that Plaintiff's mental impairments warranted no additional specific restrictions.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as stated herein.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

---

Plaintiff further contends that the ALJ erred in assessing her ability to perform her past relevant work. Again, the Court disagrees. To the extent that Plaintiff bases her argument upon the contention that she is unable to perform past relevant work because of her mental limitations, this contention is rejected for the reasons set forth above. Further, even assuming that Plaintiff is correct in her assertion that the ALJ erred in finding her capable of performing her past work based on the jobs of manager and clerk, substantial evidence still supports the ALJ's finding that Plaintiff can perform her past job as a paralegal, both as she actually performed it and as it is generally performed in the national economy. (R. 24-25). Contrary to Plaintiff's assertions, there is record evidence supporting the ALJ's finding that Plaintiff could perform this position with the sit/stand option. Indeed, the ALJ specifically posed a hypothetical to the VE which included the option to sit/stand and change position every thirty minutes. (R. 60-61). The VE responded that Plaintiff could perform the duties of a paralegal, both as she actually performed them and as generally performed, with such an option. (R. 60). Plaintiff seems to suggest that this testimony was inconsistent with the Dictionary of Occupational Titles ("DOT") because the DOT does not address sit/stand options, but the VE addressed any inconsistency during her testimony. (R. 60). Social Security Ruling 00-4p, 2000 WL 1898704 (S.S.A.) (Dec. 4, 2000), does not provide that the testimony of a VE that conflicts with the DOT cannot be relied upon by an ALJ, but rather that the inconsistency must be addressed. Here it clearly was.

Accordingly, for all of the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his decision. The Court therefore affirms.